11-4216
*United States v. Verdiner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
                   *Circuit Judges,*
         DAVID G. LARIMER,*
                   *District Judge.*

---

United States of America,

                    *Appellee,*

          v.                                    11-4216

Shoubert Beauchamps, Paul Harvey, Linnie Harvey,

                    *Defendants,*

Jean Verdiner,

                    *Defendant-Appellant.*

---

FOR APPELLANT:      Lawrence Gerzog, Law Offices of Lawrence
                    D. Gerzog, New York, NY.

---

\* The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLEE:        Christopher Nolan, William B. Darrow, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment and order of the United States District Court for the District of Vermont are **AFFIRMED.**

Defendant-Appellant Jean Verdiner appeals from a final judgment of conviction entered on February 12, 2009 in the United States District Court for the District of Vermont (Sessions, *J.*), finding him guilty of distributing 500 grams or more of cocaine, and from an October 3, 2011 order denying his motion for a new trial. The sole issue on appeal is whether the district court erred in denying Verdiner's motion for a new trial based on newly discovered evidence. *See* Fed. R. Crim. P. 33(b)(1). The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's denial of a Rule 33 motion for abuse of discretion, *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009), and the factual findings in support of that decision for clear error, *United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir. 1992). District courts should exercise their Rule 33 authority only "sparingly" and in "the most extraordinary circumstances." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). We afford particular deference to the district court because "its vantage point as to the determinative factor—whether newly discovered evidence would have influenced the jury—has been informed by the trial over which it presided." *United States v. Stewart*, 433 F.3d 273, 296 (2d Cir. 2006).

The district court did not abuse its discretion in denying Verdiner's Rule 33 motion. The newly discovered evidence was, at best, cumulative of other evidence impeaching the confidential informant. *United States v. Avellino*, 136 F.3d 249, 256-57 (2d Cir. 1998). Moreover, Verdiner has failed to establish that the "admission of the evidence would probably lead to an acquittal" in a new trial. *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980). The jury heard overwhelming and compelling evidence of Verdiner's guilt including, *inter alia*, Verdiner's own

recorded statements concerning the sale of cocaine that was the basis for his conviction.

We have considered Verdiner's remaining arguments and, after a thorough review of the record, find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4